# Gayheart v. Caudill.

(Decided Dec. 7, 1937.)

W. E. FAULKNER, FAULKNER & FAULKNER, CHAS. W. MORRIS and F. A. GARLOVE for appellant.

D. G. BOLEYN and J. A. SMITH for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

This is an appeal from a judgment for $1,000 recovered by the appellee, Biram Caudill, of the appellant, Silas Gayheart, for personal injuries sustained in an automobile collision.

The accident happened about 7 o'clock in the morning of January 22, 1935, at the village of Duane. The weather was very cold. It had been raining and sleeting, and the road was icy and slippery. As we understand the situation, the highway is relatively flat and

straight for a hundred yards or so as one travels north (the direction in which the plaintiff was driving), and then curves to the left or westwardly, and winds up the mountain. The point of the accident was at or near the foot of the hill.

The plaintiff testified that he was alone, driving about 25 miles an hour on the extreme right-hand side with the wheels off the black top surface of the road, when he saw the defendant's automobile coming around the curve on its wrong side of the road. It was then about two car lengths away. He testified that the defendant "hit me right in the face and eyes," meaning that there was a direct head-on collision. He is fully corroborated by two bystanders.

The defendant testified that he had two passengers in his taxicab, both of whom were on the front seat with him. He had been driving slowly because of the slippery condition of the highway and ice or sleet forming on his windshield. About 75 yards from the point of collision, he had stopped and wiped the windshield with a cloth saturated with kerosene, and then proceeded cautiously on his right side of the road. He saw the plaintiff's car coming around the curve very fast on its wrong side of the road; that is, on the defendant's right side. It swung over to the center of the road and continued to travel there. When he, the defendant, put on the brakes and endeavored to turn off farther to the right, his car skidded into the plaintiff's machine. The oil which had been spilled in the highway, he testified, also showed that the collision occurred on his side of the road. The defendant is corroborated by one of his passengers; the other not testifying.

We cannot sustain the appellant's contention that the evidence showed there was no negligence on his part, but proved that the plaintiff was so negligent as to amount to recklessness and wantonness. The conflict in the evidence made a case for the jury, and they were fully warranted, in the exercise of the authority vested in them, to accept the plaintiff's version of how the accident occurred. Nor can we agree, that the verdict is palpably against the evidence.

The only other point raised is that the verdict is excessive. The plaintiff suffered a considerable cut on the arm and another across the knuckles of his left hand. He was bruised on his right leg. Since the acci-

cent he suffers pain from these injuries when the weather is bad, and he does not have the former strength in his arm or leg, which gives down on him when he walks any distance. He was off from work one and one-half months. His wages had been $5 a day, but he does not testify that he would have been continuously employed at such wages during the time. Dr. Coldiron examined the plaintiff on the day of the trial, which was one year and four months after the accident. He testified that because of the injury to the knuckles the plaintiff's left hand is stiff, and there is a limitation of motion in it. The same is true as to his right knee. In the opinion of the doctor, the injury is permanent and the plaintiff has suffered about 15 per cent. disability to perform manual labor. We do not think the verdict is excessive.

The judgment is affirmed.